FILED
Feb 15, 2019
09:33 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| **BETTY TIPTON,** | ) | **Docket No. 2018-07-0202** |
| **Employee,** | ) | |
| **v.** | ) | |
| **DYNAMETAL TECHNOLOGIES,** | ) | |
| **Employer,** | ) | **State File No. 86668-2016** |
| **And,** | ) | |
| | ) | |
| **ACCIDENT FUND INS. COMPANY,** | ) | |
| **Carrier.** | ) | **Judge Joshua Davis Baker** |

---

## COMPENSATION HEARING ORDER

---

The Court convened a compensation hearing on January 29, 2019. The parties disputed whether Ms. Tipton suffered a work-related injury and the extent of her permanent impairment. The Court holds Ms. Tipton suffered a compensable back injury that resulted in fifteen percent permanent partial disability to the body as a whole.

### History of Claim

Ms. Tipton is a fifty-three-year-old resident of Haywood County with a twelfth grade education. She worked for Dynametal assembling and packing parts. After packing them, she lifted the boxes weighing between thirty and thirty-five pounds and placed them onto a skid.

While putting a box on a skid on November 7, 2016, Ms. Tipton felt a pop and immediate pain in her back. Dynametal provided urgent care from a clinic Ms. Tipton chose from a panel. The clinic provided conservative treatment for a lumbar strain for about eight months. She was released to return to work but continued having back pain radiating into her legs.

Ms. Tipton felt the clinic was unresponsive, so she saw her primary care physician, who recommended an MRI in March 2017. The exam revealed a bulging disc at L4-L5 "with left paracentral disc extrusion impinging the left lateral recess" and a bulging disc at L5-S1 "with left paracentral disc protrusion impinging the left lateral recess."

Consequently, Dynametal provided Ms. Tipton with a panel of specialists from which she chose Dr. John Brophy, a neurosurgeon. Dr. Brophy concluded after one visit that she had a work-related lumbar strain and that her bulging discs were not work-related. Interpreting the MRI, he thought "a lot of it was arthritic" but identified a "disc abnormality on the left at L4-5" that was a "potential source of leg pain." However, his "impression was chronic back pain associated with lumbar spondylosis without definite clinical evidence of radiculopathy or radiographic evidence of nerve root compression." He recommended and steroid injection and released her to full-duty work at maximum medical improvement (MMI) on August 23, 2017. Dr. Brophy noted she had no permanent impairment.

Although Dr. Brophy testified the bulging discs could "potentially" have occurred at work, he explained that the cause is not easy to identify:

> [T]he problem [with identifying the cause of a ruptured disc] is people think it's related to some strenuous activity but if that were true, we'd see it in every NFL football game. We wouldn't see it in doctors and lawyers, which we do. . . . [W]e never know exactly when it occurred.

He expressed that it was "interesting" that Ms. Tipton's pain began as she stood up from placing the box on the skid, rather than as she lifted the box.

Dr. Samuel J. Chung, a physiatrist and employee's independent medical examiner, testified that Dr. Brophy's contention that Ms. Tipton did not have radiculopathy was incongruent with the treatment he had recommended, an epidural steroid injection. Dr. Chung testified, "You don't do [a] lumbar epidural steroid injection unless [the] patient has clinical symptoms of radiculopathy."

Dr. Chung concluded "the primary cause" of Ms. Tipton's injury was the work event she had described, explained she had fifteen percent permanent impairment, and said her complaints matched her MRI results. He testified about her left leg radicular complaints, "It is a correct side that she is complaining of . . . and the MRI correlates to that specific level and the side that was ruptured, extruded, if you will, at the L4 and L5 level."

2

Ms. Tipton testified she has not worked since her injury. After Dr. Brophy released her, she continued treating with her primary care physician and sought assistance from coworkers to perform her job for roughly eight more months, until her primary care physician took her off work. Her work history included house-cleaning and factory assembly work. She had no prior back treatment or complaints before this work injury.

**Findings of Fact and Conclusions of Law**

Ms. Tipton seeks permanent total disability benefits and has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2018) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

To recover benefits, Ms. Tipton must establish by a preponderance of the evidence that her injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14). She must show to a reasonable degree of medical certainty that "the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." *Id*. at § 50-6-102(14)(B). The physician selected from a panel is presumed correct on causation, but that presumption can be rebutted by a preponderance of the evidence standard. Tenn. Code Ann. § 50-6-102(14)(E).

Here, the Court finds Ms. Tipton's bulging discs were primarily caused by her employment. Dr. Brophy determined they were not and, although his causation opinion is presumed correct, Dr. Chung's causation opinion rebuts it by a preponderance of the evidence. When faced with conflicting medical testimony, the Court must use its discretion in accepting one expert opinion over another and, in so doing, may consider which opinion contains the more probable explanation. *Sanker v. Nacarato Trucks, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (July 6, 2016).

Ms. Tipton identified a specific work event that resulted in immediate pain. She said she had not suffered a back injury, or received treatment for, or complained of back pain, before this event. Dr. Chung bolstered her credibility by explaining how the MRI test results corresponded with her pain complaints and testified convincingly that this work accident was the primary cause of Ms. Tipton's bulging discs. Unlike Dr. Brophy, Dr. Chung considered all information available to him, including that she had no prior back injuries and that her pain began with this work accident. Dr. Brophy's opinion seemed both dismissive of Ms. Tipton's account and also contradictory. He dismissed "strenuous activity" as a primary cause for a bulging disc but then implied it was

3

noteworthy that Ms. Tipton attributed her onset of pain to simply straightening from a bended position rather than from lifting a heavy box. *See Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (Medical proof "must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition.").

The Court also accepts Dr. Chung's opinion on permanent impairment over that of Dr. Brophy's and finds that his opinion outweighs Dr. Brophy's by a preponderance of the evidence. Dr. Chung provided a detailed explanation for his opinion on permanent impairment from the *AMA Guides* while Dr. Brophy did not. Dr. Chung cast doubt on Dr. Brophy's opinion, pointing out that Dr. Brophy said Ms. Tipton did not have radiculopathy, yet he recommended treatment for it. The Court therefore finds Dr. Chung offered the more accurate opinion and holds that Ms. Tipton suffered fifteen-percent impairment from her workplace accident.

When an employee has a compensable work injury, reaches maximum medical improvement, and has permanent impairment, she is entitled to receive permanent disability benefits. Tenn. Code Ann. § 50-6-207(3)(A). The injured worker's award is calculated by multiplying the impairment rating by 450, then multiplying the result by her compensation rate. This "original award" is owed after the injured worker reaches maximum medical improvement regardless of whether she returned to work. *Id.* Here, Ms. Tipton's impairment rating of fifteen percent entitles her to permanent partial disability benefits of $ 16, 528.73 (450 weeks x 15% x $244.87, her stipulated compensation rate).

If at the end of the period of the original award, the employee has not returned to work at an equal or greater rate of pay as before the injury, the employee may receive increased benefits. Specifically, she may receive 1.35 times the original award for not returning to work and other multipliers for her age, lack of a high school education or equivalent, and when the unemployment rate in the county of injury meets certain criteria. *Id.* at § 50-6-207(3)(B).

The Court holds Ms. Tipton is entitled to additional benefits under Tennessee Code Annotated section 50-6-207(3)(B), as she did not return to work for any employer and was more than forty years old at the end of the initial compensation period. The increased permanent partial disability is equal to 1.35 times the original award because Ms. Tipton did not return to work and 1.2 times the original award because she is over the age of forty, or an additional $10,247.81, for a total award of $26,776.54. ($16,528.73 x 1.2 x 1.35).

Finally, The Court holds Ms. Tipton is not permanently and totally disabled. In assessing her job skills and training, education, age, local job opportunities, and her

4

capacity to work in her disabled condition, the Court finds that Ms. Tipton failed to prove that her injury "totally incapacitates [her] from working at an occupation that brings [her]. . . an income[.]" *See* Tenn. Code Ann. § 50-6-207(4)(B); *Roberson v. Loretto Casket Co.*, 722 S.W.2d 380, 384 (Tenn. 1986). Ms. Tipton has a high school education, is fifty-three years old, and has past work experience in manufacturing and house cleaning. While she likely cannot return to those types of work without accomodation, the Court finds she failed to prove she cannot perform any work that brings her an income. In fact, she continued work with assistance from her coworkers for over eight months after her injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Tipton suffered fifteen percent permanent partial disability to the body as a whole as a result of her workplace accident. Pursuant to Tennessee Code Annotated section 50-6-207(3), this equates to 67.5 weeks at her stipulated compensation rate of $244.87, or $16,528.73 in permanent partial disability benefits.

2. The Court also finds Ms. Tipton is entitled to increased benefits totaling an additional $10,247.81, which represents the applicability of the 1.35 and 1.2 multipliers, since Ms. Tipton did not return to work after her initial period of compensation ended and is over age forty.

3. Ms. Tipton is entitled to reasonable and necessary future medical treatment for her back with Dr. Brophy.

4. The Court further finds Ms. Tipton's counsel, David Hardee, provided good and valuable services to Ms. Tipton and is entitled to recover a fee of twenty percent, of her total permanent partial disability award, or $5,355.31 pursuant to Tennessee Code Annotated section 50-6-226.

5. Absent an appeal, this order will become final thirty days after entry.

6. The Court assesses the $150.00 filing fee to Dynametal for which execution shall issue as necessary, to be paid within five days of the order becoming final.

7. Dynametal file a completed SD-2 form within five days of the order becoming final.

**ENTERED ON FEBRUARY 15, 2019.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Dr. John  Brophy's Deposition Transcript with Exhibits
2. Dr. Samuel Chung's Deposition Transcript with Exhibits
3. Dr. Emanuel Obi's Deposition Transcript with Exhibits
4. Payroll Records
5. Short Term Disability Application
6. FMLA Application

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Post-Discovery Dispute Certification Notice
4. Tipton Pretrial Brief
5. Tipton Witness and Exhibit List
6. Dynametal Pretrial Brief
7. Dynametal Witness List
8. Dynametal Exhibit List
9. Joint Prehearing Statement

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Order was sent to these recipients by the following methods of service on February 15, 2019.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| David Hardee, Employee's Attorney | | | X | kperry@hmdlaw1.com |
| Gordon Aulgur, Employer's Attorney | | | X | gordon.aulgur@accidentfund.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

### Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____ , 20 ___ .

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address: http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries        $ _____ per month    Telephone      $ _____ per month

    Electricity       $ _____ per month    School Supplies $ _____ per month

    Water          $ _____ per month    Clothing        $ _____ per month

    Gas            $ _____ per month    Child Care     $ _____ per month

    Transportation  $ _____ per month    Child Support  $ _____ per month

    Car            $_____ per month

    Other          $ _____ per month (describe: _____ )

10. Assets:

    Automobile          $ _____    (FMV) _____

    Checking/Savings Acct. $ _____

    House              $ _____    (FMV) _____

    Other               $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____